# EXHIBIT A

**COPY**

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 09 2023

BY: _____ Eilene Ramos, Deputy

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN BERNARDINO
## LIMITED JURISDICTION

| | |
|---|---|
| MARGARET DUENAS,<br><br>Plaintiff,<br><br>vs.<br><br>THE CBE GROUP, INC.; and DOES 1-10 inclusive,<br><br>Defendant. | Case No. **CIVSB 2324772**<br><br>COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT<br><br>(Amount to exceed $10,000 but not exceed $25,000)<br><br>1. Violation of the Fair Debt Collection Practices Act<br>2. Violation of Rosenthal Fair Debt Collection Practices Act |

BY FAX

## I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

///

///

Complaint - 1

## II. PARTIES

3. Plaintiff, MARGARET DUENAS ("PLAINTIFF"), is a natural person residing in San Bernardino County in the state of California, and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, THE CBE GROUP, INC ("DEFENDANT"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c), and the FDCPA, 15 U.S.C. § 1692a(6).

## III. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. Prior to October of 2022, Plaintiff maintained an account with Spectrum for home internet services, television services, and cellular telephone services.

7. In or around October of 2022, Plaintiff purchased a new cellular phone from Spectrum.

8. When the phone was delivered, however, it was defective.

9. Plaintiff returned the defective phone to Spectrum the same day she received it.

10. However, Spectrum, despite acknowledging receipt of the phone, sent Plaintiff's account to collections for an allegedly overdue balance on the defective phone.

11. Defendant was tasked with attempting to collect that balance.

12. On information and belief, Plaintiff does not owe any balance to Spectrum, and the alleged debt that Defendant is attempting to collect is not actually owed by Plaintiff.

13. Moreover, Defendant has regularly attempted to contact Plaintiff on her cellular telephone to collect this alleged debt.

Complaint - 2

14. Defendant called Plaintiff on her cellular telephone multiple times a day for months, in an attempted to collect the alleged debt.

15. On at least one occasion, Plaintiff asked Defendant to stop calling her, and to stop calling her while she was at work.

16. Despite this, Defendant continued to place calls to Plaintiff's cellular telephone.

17. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

18. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy the person called (Cal. Civ. C. § 1788.11(d));

   b) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable, and to constitute harassment of the debtor under the circumstances (Cal. Civ. C. § 1788.11(e));

   c) Communicating with the consumer at an unusual time, or at a time which should be known to be inconvenient to the consumer (15 U.S.C. § 1692c(a)(1));

   d) Engaging in conduct the natural consequence of which his to harass, oppress, or abuse the debtor (15 U.S.C. § 1692d);

   e) Falsely representing the character, amount, or legal status of the alleged debt (15 U.S.C. § 1692e(2)(A));

   f) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

19. As a result of the above violations of the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff reincorporates by reference all of the preceding paragraphs.

21. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff reincorporates by reference all of the preceding paragraphs.

23. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages;
    C. Costs and reasonable attorney's fees; and
    D. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 9th day of October, 2023.

By: *Todd M. Friedman*
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff